**UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**


RONALD HAAS,

       Plaintiff,

                                        CASE NO. 2:13-cv-14102

v.

                                        HON. MARIANNE O. BATTANI

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

       Defendant.

_____/


**OPINION AND ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS
AND ADOPTING THE REPORT AND RECOMMENDATION**


**I.      INTRODUCTION**

Before the Court are the Plaintiff's objections to Magistrate Judge Morris' January

29, 2015, Report and Recommendation ("R&R").  (Doc. 28.)  In the R&R (Doc. 27), the

Magistrate Judge recommended that the Court grant Defendant's motion for summary

judgment (Doc. 25) and deny Plaintiff's motion for summary judgment (Doc. 19).  For

the reasons that follow, the Court **OVERRULES** the Plaintiff's objections and **ADOPTS**

the R&R.

**II.     STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court

adopts that portion of the R&R.  (See Doc. 27, pp. 5-19.)


**III.    STANDARD OF REVIEW**

      **A.  Objections to a Magistrate Judge's R&R**

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement."  Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006).  Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention.  Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general."  Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

### B.  Standard of Review Applicable to Social Security Cases

2

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards.  Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal quotation marks omitted).  If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion."  Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole.  Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992).  There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record.  Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006).  Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility."  Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

**IV. DISCUSSION**

**A.  Objections to the Weight Assigned to the Psychological Consultative Examiner**

Plaintiff first objects to the lack of weight afforded to the psychological consultative examination performed by Suzann Kenna, LLP, under the direction of Terrance A. Mills., Ph.D.  (See Tr. 396-99.)  Ms. Kenna opined that it is doubtful that Plaintiff would be capable of performing work-related activities due to his depression, anxiety, and pain medications.  (Tr. 398.)  She further assigned him a Global Assessment of Functioning (GAF) score of 45-50, indicating serious symptoms.  (Id.)  In contrast, state agency reviewing psychologist Kathy Morrow, Ph.D., found that Plaintiff's symptoms do not significantly limit functioning and that he is capable of performing an independent routine of simple work activity with low stress social demands.  (Tr. 99.)  First, Plaintiff contends that consistent with 20 C.F.R. § 404.1527(c), the Administrative Law Judge (ALJ) should have assigned greater weight to Ms. Kenna, an examining source, than to Dr. Morrow, a non-examining source.  Second, he argues that Ms. Kenna's assessment is consistent with and supported by other evidence in the record.

Plaintiff is correct in asserting that a medical opinion rendered by an examining source is generally entitled to greater weight that the opinion of a non-examining source.  See 20 C.F.R. § 404.1527(c).  An ALJ, however, is not bound by the opinion of an examining or treating source if good reasons for the weight assigned to such a source are articulated.  Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 875 (6th Cir., 2007).  When considering Ms. Kenna's opinion, the ALJ declined to give it more than minimal weight because it was based only on one examination; did not highlight any specific functional deficits; and was simply a blanket statement regarding Plaintiff's inability to work, a determination reserved to the Commissioner.  (Tr. 27.)  Further, the

ALJ found that a GAF score of 45 to 50, though indicative of serious symptoms, was not so low as to suggest inability to perform simple, unskilled work.  (Id.)  This Court agrees with the Magistrate Judge that the ALJ's explanation for assigning little weight to this opinion is satisfactory.

The ALJ's decision to afford greater weight to Dr. Morrow's opinion than to Ms. Kenna's is also supported by substantial evidence.  Ms. Kenna's conclusions were based in large part on Plaintiff's use and suspected abuse of his prescription medications, combined with alcohol.  Ms. Kenna specifically wrote, "It is difficult to diagnose someone who is taking that type/amount of medications and drinking alcohol on top of the meds . . . . The pain medication along with alcohol exacerbates his depression."  (Tr. 398.)  Regarding prognosis, Ms. Kenna opined that Plaintiff "needs to be monitored and evaluated in [sic] an ongoing basis regarding his prescription medication.  He could very well be substituting prescription medication for illicit drugs . . . . He has relapsed [with respect to substance abuse] and is in denial."  (Id.)  In Social Security disability determinations involving substance abuse, the relevant inquiry is whether a claimant would still be found disabled if he or she stopped using drugs or alcohol.  20 C.F.R. § 404.1535.  Although the ALJ in the present case did not engage in the Drug and Alcohol Analysis set forth in Social Security Ruling 13-2p, presumably because substance abuse was not a material factor in this case, these facts nonetheless provide support for the ALJ's decision to accord little weight to Ms. Kenna's opinion relating to Plaintiff's capacity to work.

Plaintiff's treatment with treating physician Luis Pomodoro, M.D., is not indicative of serious psychological impairment.  Throughout the course of treatment, Dr.

5

Pomodoro's observations are for the most part limited to Plaintiff feeling "upset,"
"anxious," and "angry and frustrated," interspersed with periods where Plaintiff felt
"better" or "okay." (See Tr. 305-12.) Although Plaintiff reported once that he felt "close
to losing control," there are no indications that he experienced suicidal ideation or was
otherwise seriously impaired psychologically. (Tr. 309.) Plaintiff also began treatment
for psychological impairments in August 2011 with James Riggio, Ph.D. (Tr. 501.) At
one of the initial intake appointments, Dr. Riggio diagnosed severe major depressive
disorder, cannabis dependence, PTSD, and possible borderline personality disorder,
with a GAF score of 48, indicating severe impairment. (Tr. 504-05.) With treatment,
however, Dr. Riggio predicted that Plaintiff had a good prognosis. (Tr. 506). Indeed,
after several months of treatment, Dr. Riggio observed that Plaintiff expressed less self-
loathing and appeared less depressed and anxious, with a less dysphoric and angry
mood. (Tr. 589.) Therefore, despite the presence of evidence supporting severe
psychological impairment, substantial evidence also exists supporting the ALJ's
conclusions. See Cutlip, 25 F.3d at 286 (holding that the court must affirm the ALJ's
conclusion, even if it would have decided a matter differently, if substantial evidence
supports the determination). Therefore, the Court finds that the ALJ did not err in
assigning little weight to Ms. Kenna's opinion.

### B. Objections to the Residual Functional Capacity Analysis

Plaintiff also contends that the ALJ impermissibly relied on his own lay opinion in
his dismissal of the internal medicine consultative examiner's opinion and in determining
the residual functional capacity (RFC). On August 26, 2011, Plaintiff underwent a
consultative examination with Walid Nader, M.D. (Tr. 493.) Dr. Nader indicated that

Plaintiff was unable to squat due to back pain and would require the use of a cane.  (Tr. 496-97.)  The ALJ accorded this opinion only some weight because it was "reflective of the claimant's condition just three months after undergoing lumbar surgery" on May 4, 2011.  (Tr. 25.)  The ALJ reasoned that nothing suggested that Plaintiff would remain in this condition after a reasonable recovery period, especially after having started physical therapy on August 5, 2011.  (Tr. 26.)

First, it is relevant to note that difficulty with walking and squatting are accounted for in the RFC limiting Plaintiff to sedentary work (viz., sitting six hours and standing/walking for no more than two hours in an eight-hour workday) with a sit-stand option and no more than occasional bending, stooping, and crouching.  Second, the ALJ was not "playing doctor," as his observation that Plaintiff's condition at the time of the consultative examination was likely to improve is borne out in the record.  Office visit notes from Plaintiff's treating physician, Teck Mun Soo, M.D., indicate that Plaintiff's condition had improved from preoperatively, that he was in no further need of surgical intervention, and would benefit from physical therapy.  (Tr. 584.)  Observations from Plaintiff's physical therapist also support the ALJ's conclusion.  Specifically, the physical therapist noted that Plaintiff had "progressed well" (Tr. 526), that he walked his dog around the block several times daily (Tr. 532), and that he was able to do yard work without a cane (Tr. 534).

Plaintiff argues that the ALJ failed to adhere to Social Security Ruling 83-20, which requires the ALJ to solicit medical expert opinion if there is insufficient evidence as to the duration a disease may have existed at a disabling level of severity.  To the contrary, the burden of proving disability lies with the Plaintiff.  Ferguson v. Comm'r of

7

Soc. Sec., 628 F.3d 269, 275 (6th Cir. 2010).  The ruling cited by Plaintiff relates only to cases where a date of disability onset must be inferred from the evidence.  Furthermore, as discussed above, the ALJ made no inferences in the present case and instead relied on the evidence on the record.

Lastly, the ALJ's reliance on the opinion of state agency medical examiner Delois D. Daniels, M.D., was reasonable.  Plaintiff contends that this opinion, rendered in March 2011, fails to take into consideration his lumbar surgery, physical therapy, and post-operative care.  In fact, the ALJ took this issue into consideration and only partially relied on Dr. Daniels' opinion.  (Tr. 28.)  While Dr. Daniels suggested that Plaintiff was capable of light work with some postural limitations, the ALJ noted that "[a]dditional evidence received at the hearing level confirms that claimant has slightly greater functional limitations such as requiring a sit-stand option . . . however, I ultimately agree . . . that the claimant could work on a full time basis." (Id.)  Accordingly, the RFC determined by the ALJ is considerably more restrictive than that recommended by the state agency and adequately accounts for Plaintiff's additional physical limitations.

## V.  CONCLUSION

The Court notes that the R&R identifies and addresses much of the same evidence and comes to the same conclusions as discussed here.  Accordingly, for the foregoing reasons, the Court **OVERRULES** the Plaintiff's objections and **ADOPTS** the R&R granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

Date:        March 18, 2015                              s/Marianne O. Battani
                                                         MARIANNE O. BATTANI
                                                         United States District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 18, 2015.


                                                         s/ Kay Doaks
                                                         Case Manager